UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:12-cr-00057-SNLJ |
| | ) | ORDER ON MOTION FOR |
| JUSTIN KYLE BAKER, | ) | SENTENCE REDUCTION UNDER |
| | ) | 18 U.S.C. § 3582(c)(1)(A)(i) |
| Defendant. | ) | (COMPASSIONATE RELEASE) |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion for compassionate release pursuant to the First Step Act [Docs. 365, 367]. For the reasons set forth below, the motion will be denied.

## I. BACKGROUND

Defendant pled guilty to Conspiracy to Distribute Methamphetamine on October 29, 2012 [Doc. 210]. He was sentenced to a term of imprisonment of 240 months on January 28, 2013 [Doc. 266]. He filed the instant motion *pro se* on January 23, 2024 [Doc. 365]. His appointed counsel filed a supplemental motion on February 2, 2024 [Doc 367]. The motion was held in abeyance pending a decision from the Eighth Circuit in the consolidated appeals in *United States v. Barton Ray Crandall*, Appeal No. 24-1569 and *United States v. Isaac Lee Loggins, Jr.*, Appeal No. 24-1488 [Docs. 377, 379]. *Crandall* and *Loggins* were held in abeyance pending a decision by the United States Supreme Court in *Rutherford v. United States*, Appeal No. 24-820 and *Carter v. United States*, Appeal No. 24-860. *See United States v. Loggins*, 181 F4th 883, 884 (8th Cir.

2026).

On May 28, 2026, the Supreme Court issued its decision in *Rutherford v. United States*, 146 S. Ct. 1320 (2026), and on July 10, 2026, the Eighth Circuit issued its decision in *United States v. Loggins*, 181 F.4th 883 (8th Cir. 2026). This matter is now ripe for disposition.

## II. LEGAL STANDARD

The First Step Act of 2018 allows a defendant to file a motion for compassionate release once they have exhausted administrative remedies. *United States v. Vangh*, 990 F.3d 1138, 1139-1140 (8th Cir. 2021); 18 U.S.C. § 3582(c)(1)(A) ("after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."). Upon a defendant's motion, the Court may reduce a term of imprisonment if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court determines that extraordinary and compelling reasons warrant a reduction. § 3582(c)(1)(A)(i). Furthermore, compassionate release is only appropriate when "[t]he defendant is not a danger to the safety of any other person or to the community . . . ." § 1B1.13(a)(2).

## III. DISCUSSION

Defendant filed a request for a sentence reduction with the warden on September 26, 2023 and it was denied on October 18, 2023 [Doc. 365, pp. 2, 7]. He submitted the warden's denial letter with his motion. [*Id.*]. As a result, the Court finds he exhausted administrative remedies prior to filing the instant motion. The Court has also considered

the factors set forth in 18 U.S.C. § 3553(a).

Defendant seeks a reduction in his sentence asserting "extraordinary and compelling reasons" based on an alleged "gross" disparity between the sentence he received in 2012 and the sentence he would face at the time he filed his motion. He relies on the 2023 amendment to the Sentencing Guidelines promulgated by the United States Sentencing Commission, which defines "extraordinary and compelling reasons" to include:

> **(b)(6) Unusually Long Sentence.**--If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.
>
> **(c) Limitation on Changes in Law.**--Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

U.S.S.G. § 1B1.13(b)(6), (c).

In support of his motion, defendant cites changes to 21 U.S.C. § 841(b)(1)(A). The first is a change from the sentencing enhancement from a 20-year minimum to a 15-year minimum. *Id.* The second is a change from the applicability of this enhancement. Previously, the enhancement applied if the defendant had committed a "felony drug

offense," but it now applies if the defendant has committed a "serious drug felony." *Id.* This second change would not preclude defendant from being subject to the enhancement, but it would reduce his sentencing guideline base level by removing two of his career offender predicates which factor into that level. However, even then, "the amendment to § 841(b)(1)(A) concerning prior drug convictions does not appear in Section 2 or 3 of the Fair Sentencing Act, and Congress has not otherwise made the change retroactive." *United States v. Rogers,* 92 F.4th 760, 763 (8th Cir. 2024).

He also cites removal of anhydrous ammonia from the lists of substances under 21 U.S.C. §802, which would also affect his number of career offender predicates under the sentencing guidelines. However, anhydrous ammonia had already been removed from the lists at the time of his sentencing in 2012. 21 U.S.C.A. § 802 (2009 version) (making no mention of anhydrous ammonia). Therefore, the removal of anhydrous ammonia makes no difference in his Sentencing Guidelines level calculation and no difference in the sentence likely to be imposed.

Finally, he cites changes in the sentencing guidelines. "Amendment 782 to the United States Sentencing Guidelines, effective November 1, 2014, reduced the base offense level for most drug quantities by two levels under U.S.S.G. § 2D1.1." *United States v. Livingstone,* No. CR 06-56 (JRT/AJB), 2016 WL 4033129, at *2 (D. Minn. July 27, 2016). § 2D1.1(c)(4) covers the Methamphetamine range from "at least 150 G but less than 500 G" under which defendant was convicted. For this range, Amendment 782 struck "'Level 34' and insert[ed] 'Level 32.'" Amendment 782, 2014, (amending § 2D1.1). However, "[s]entencing modification is discretionary with the district court,"

*United States v. Ramirez,* 807 F. App'x 591 (8th Cir. 2020), and "amendments to the Sentencing Guidelines are not automatically retroactive." *United States v. Wuori,* No. CR 12-26 (JRT/JSM), 2024 WL 4063478, at *4 (D. Minn. Sept. 5, 2024). Nothing indicates that Amendment 782 is retroactive.

In *Rutherford*, the Supreme Court held that a nonretroactive change to a penalty statute cannot make a prisoner eligible for compassionate release. *Rutherford,* 146 S. Ct. at 1335. It further stated that "[t]o the extent that it counsels otherwise, the [Sentencing Guidelines are] invalid." *Id.* Consistent with *Rutherford*, the Eighth Circuit held in *Loggins* that a change to a penalty statute for firearm crimes, "like other nonretroactive legal changes, cannot, whether offered alone or in combination with other insufficient factual considerations, constitute 'extraordinary and compelling' reasons for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)." *Loggins,* 181 F.4th at 887.

Because defendant relies on nonretroactive changes, he cannot establish "extraordinary and compelling reasons" for a sentence reduction under § 3582(c)(1)(A).

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for compassionate release [Docs. 365, 367] is denied.

**SO ORDERED** this 3rd day of September, 2026.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE